532                KENTUCKY OPINIONS.

_____
                Opinion of the Court.
_____

JACOB HASLETT *v.* JACOB MARKER.

**Specific Performance—Election to Perform or Rescind Contract.**
> The plaintiff alleged in substance and effect that he had endeavored, in good faith, to clear the title of doubts as to its validity, but had found it impossible to do so; and these facts being confessed by the demurrer and failure to answer, the court properly required the defendant to elect.

APPEAL FROM LOUISVILLE CHANCERY.

June 19, 1871.

OPINION BY JUDGE HARDIN:

As we construe the agreement of 7th of September, 1866, between the parties, it did not contemplate or bind either party to wait an indefinite period for the purpose of ascertaining whether Marker could exhibit and convey a clear or good title to the property, but that he should, within a reasonable time, endeavor in good faith to do so, and until then the lease should continue.

This suit was brought more than two years after the date of the agreement to require the appellant to elect whether he would execute the contract or submit to a recission; the plaintiff alleging in substance and effect that he had endeavored in good faith to clear the title of doubts as to its validity, but had found it utterly impossible to do so; and these facts being confessed by the demurrer and failure to answer, we are of the opinion that the court properly required the defendant to elect; and the subsequent action of the court and final judgment were as favorable to the appellant as he had a right to demand under the contract, and facts admitted by the pleadings.

Wherefore the judgment is affirmed.

*Bodley & Simrall,* for appellant.
*Dembitz & Wehle,* for appellee.